UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION IN ITS CAPACITY AS RECEIVER FOR GKM SBIC, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>GKM VENTURE PARTNERS, L.P., A DELAWARE LIMITED PARTNERSHIP, *et al.*,<br><br>Defendants. | Case No.: CV 12-03446 CAS-MAN<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' [Proposed] Stipulated Protective Order and Confidentiality Agreement for Documents and Electronically Stored Information ("Stipulation") filed on April 16, 2013, the terms of the protective order to which the parties have agreed are

1  adopted as a protective order of this Court (which generally shall govern the
2  pretrial phase of this action) except to the extent, as set forth below, that those
3  terms have been substantively modified by the Court's omission of paragraphs 1
4  and 2, and amendment of paragraphs 12(a)(2), 14, 16, 19, 20, and 25 of, and
5  Attachment A to, the Stipulation.

6  The parties are expressly cautioned that the designation of any information,
7  document, or thing as Confidential or other designation(s) used by the parties, does
8  not, in and of itself, create any entitlement to file such information, document, or
9  thing, in whole or in part, under seal.  Accordingly, reference to this Protective
10 Order or to the parties' designation of any information, document, or thing as
11 Confidential or other designation(s) used by the parties, is wholly insufficient to
12 warrant a filing under seal.

13 There is a strong presumption that the public has a right of access to judicial
14 proceedings and records in civil cases.  In connection with non-dispositive
15 motions, good cause must be shown to support a filing under seal.  The parties'
16 mere designation of any information, document, or thing as Confidential or other
17 designation(s) used by parties, does not -- **without the submission of competent**
18 **evidence, in the form of a declaration or declarations, establishing that the**
19 **material sought to be filed under seal qualifies as confidential, privileged, or**
20 **otherwise protectable** -- constitute good cause.

21 Further, if sealing is requested in connection with a dispositive motion or
22 trial, then compelling reasons, as opposed to good cause, for the sealing must be
23 shown, and the relief sought shall be narrowly tailored to serve the specific interest
24 to be protected.  See <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th
25 Cir. 2010).  For each item or type of information, document, or thing sought to be
26 filed or introduced under seal in connection with a dispositive motion or trial, the
27 party seeking protection must articulate compelling reasons, supported by specific
28

facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## TERMS OF PROTECTIVE ORDER

1. **[OMITTED]**

2. **[OMITTED]**

3. As used herein, the term "Individual Personal Information" includes but is not limited to:

    (a) Social security numbers;

    (b) Tax related information;

    (c) Bank account or financial account information;

    (d)  Other personal identification information such as home addresses or email addresses; and/or

    (e)  Other personal, private, or confidential information pertaining to Parties and non-parties to the case.

  4.  As used herein, the term "Business Confidential or Proprietary Information" refers to any confidential or proprietary information pertaining to or owned by any Party or non-party, including but not limited to financial information and salary information.

  5.  This Protective Order will be effective as an agreement among the parties on whose behalf it is signed, even if not signed by all parties identified herein or participating in the Action. This Protective Order may be submitted to the Court for entry when signed by Plaintiff and any of the Defendants, regardless of whether all Defendants have signed. Additional parties to the Action may be added to this Protective Order, whether or not entered as an order of the Court, by signing Attachment A and serving a copy on all parties in the Action.

  6.  This Stipulated Protective Order applies to any information, whether contained in a writing or other material, or stored electronically, which is deemed by the Producing Party to contain "Confidential Information." "Confidential Information" is information that a Producing Party has a good faith belief has been maintained with reasonable effort to preserve its confidentiality or privacy, and (a) is not known or readily available to the public or to other persons who can obtain economic value from disclosure or use of such information or (b) is of a nature that its content would ordinarily be considered private, confidential, or secret by a reasonable person.

7. "Confidential Information" includes, but is not limited to, "Individual Personal Information" (as defined in Paragraph 3) and "Business Confidential or Proprietary Information" (as defined in Paragraph 4).

8. Any Party may designate information produced by that Party which it deems to be Confidential by marking each page of each writing produced as "CONFIDENTIAL" or, to the extent practicable, by similarly marking or labeling any other material by such other means that will identify the material as Confidential with sufficient specificity to permit counsel to adhere to the provisions of this Protective Order. Data and/or load files with a Party's production shall include a field indicating which documents contain a Confidential designation.

9. Any Party may designate any information produced in discovery by a non-party to the Action as "CONFIDENTIAL" by serving written notice within fourteen (14) days of the production of such information by the non-party, at which point all such copies shall be marked or otherwise designated and treated as Confidential by the Parties.

10. Any Party may dispute any designation or non-designation of Confidential Information by giving written notice of such objection to the Producing Party. If the Producing Party agrees to change the disputed designation(s), it shall replace the entire volume(s) containing documents to be replaced. Upon receipt of any such replacement volume, each recipient shall destroy previously produced versions of the documents in their possession. If the Party producing the documents with disputed Confidential designation(s) does not agree to change the designation as noticed, the objecting Party waives the objection

if a motion is not filed within 45 days of the objection (unless extended by written agreement) requesting the Court to determine whether the information should be treated as Confidential within this Protective Order. In any such motion, the Party designating the Confidential Information has the burden of establishing the conditions for such designation as set forth in Paragraph 6 are met. Any such motion shall comply with the requirements of Central District of California Local Rules 37-1 to 37-4.

11. Confidential Information, whether contained in a writing or other material, shall be used only for the purposes of this Action, including litigation and settlement purposes, and shall be disclosed or used only in conformance with the terms of this Protective Order.

12. Confidential Information shall be disclosed only to those persons to whom disclosure is reasonably necessary for the prosecution, defense, or settlement of this Action. Such persons to whom disclosure is reasonably necessary are limited to persons within the following groups:

    (a)    Recipient Group 1:

        1.    Counsel of record in this Action, including any successor or associated counsel of record, and staff regularly employed by counsel of record for purposes of assisting in this Action.

        2.    Court personnel, including for this purpose all triers of fact, arbitrators, or mediators.

        3.    Court reporters, videographers, translators, and similar personnel involved in recording testimony or proceedings in this Action.

    4. Persons otherwise lawfully entitled to such Confidential Information, including persons who have been authors or recipients of such Confidential Information (without wrongful acts) outside of discovery in this Action.

 (b) Recipient Group 2:

    1. Parties to this Action, including persons regularly employed by the Parties, who reasonably require knowledge of the Confidential Information disclosed in order to assist in the Parties' litigation or settlement activities.

    2. Consultants or experts retained by Parties to this Action, including persons regularly employed by such consultants or experts who reasonably require knowledge of the Confidential Information disclosed in order to assist in the Parties' litigation or settlement activities.

    3. Other persons who are identified in any written agreement between the Parties, or added by order of the Court, whether by motion or on the Court's own initiative.

13. Any person outside of Recipient Group 1 who is to receive disclosure of Confidential Information must first be provided a copy of this Protective Order and execute the Agreement to be bound by its terms attached hereto as Attachment A. Counsel of record shall retain an original of each such signature. If any person who is proposed to receive Confidential Information refuses to sign the Agreement to be bound by this Protective Order, upon due notice and for good cause shown, such person may be ordered by the Court to be bound to its terms.

14. In addition to Recipient Groups 1 and 2, witnesses in deposition may be shown material containing Confidential Information and may be examined concerning the same provided that the questioning counsel must, prior to or during the deposition, inquire as to whether the witness agrees to be bound by the terms of the Agreement attached hereto as Attachment A. If the witness does not so agree, then the witness may be shown the material containing Confidential Information in deposition, but neither the witness nor the witness' counsel, if any, may, **absent further Court order or agreement of the parties memorialized in written form,** retain or be given any copy of the material containing the Confidential Information including, but not limited to, a copy of any pages of the transcript of the deposition that are designated Confidential, except for the purpose of review of the deposition transcript if requested pursuant to Rule 30(e) of the Federal Rules of Civil Procedure.

15. Whenever any Confidential Information is introduced or used at a deposition, those portions of the deposition that concern Confidential Information shall be conducted in such a way that (a) only persons authorized by this Protective Order to have access to such information are present; and (b) shall be separately bound after transcription and marked as "CONFIDENTIAL," and then shall be deemed to be subject to the terms of this Protective Order. For convenience, if a deposition transcript contains repeated references to Confidential Information which cannot conveniently be segregated from non-confidential information, any Party may request that the entire transcript be marked by the reporter as "CONFIDENTIAL".

16. Confidential Information shall not be disclosed publicly or otherwise disseminated other than as provided in this Protective Order. Moreover,

Confidential Information shall be used only in connection with the Action and only to the extent necessary to defend against or prosecute a Party's claims in the present case. If any Party desires to include unredacted Confidential Information in papers or motions filed with the Court that are relevant to this case, the filing Party shall comply with Central District of California Local Rule 79-5 governing Confidential Court records. **Again, the Parties are expressly admonished that reference to this Protective Order is insufficient to justify any requested filing under seal.** Alternatively, a Party seeking to file unredacted Confidential Information can present these materials to counsel for the Producing Party, and the Producing Party will promptly advise whether it will waive confidentiality with respect to the Confidential Information so presented.

17. Any designation of Confidential Information which is inadvertently omitted during document production may be corrected by written notification to the Parties, and such documents shall thereafter be treated as Confidential Information in accordance with the provisions of this Protective Order. Each Party is under a good faith obligation to promptly alert the Producing Party if any Confidential Information appears to have been inadvertently or improperly disclosed.

18. If the Producing Party determines that Confidential Information has been improperly disclosed, the Producing Party shall promptly notify the disclosing party, if known, and other Parties as necessary or convenient. The Producing Party and the other Parties will exercise their best efforts and will cooperate to **obtain sealing** or **ensure recovery of** any improperly disclosed Confidential Information.

19. Any Party receiving a request to produce Confidential Information to a third-party shall provide notice thereof to the Producing Party as soon as is practical under the circumstances but, in any event, no less than five (5) days prior to the date by which production is required. **Nothing in this Protective Order should be construed as authorizing a receiving Party in this action to disobey a lawful directive from another court.**

20. In the event of a dispute as to whether Confidential Information was improperly disclosed, the disputed material shall be presented **with an application to** seal to permit the Court to make a determination as to whether the material qualifies as Confidential Information.

21. The disclosure of any documents or electronically stored information that may be subject to attorney-privilege, the work-product doctrine, or any other privilege recognized under California or Delaware law (collectively referred to as "Privileged Information") shall not be deemed a waiver in whole or in part of either the attorney-client privilege, the work-product doctrine, or any other privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, if it appears that such disclosure was inadvertent.

22. If the Producing Party determines that documents or electronically stored information containing Privileged Information has been produced, the Producing Party shall give prompt written notice to all counsel of record as soon as practicable. Such notice shall be deemed to extend to any duplicate documents regardless of whether such duplicates are identified in the notice.

23. Each Party is also under a good faith obligation to promptly alert the Producing Party if any of the documents or electronically stored information containing Privileged Information appears to have been disclosed.

24. Upon notice, or upon otherwise discovering that documents or electronically stored information containing Privileged Information has been produced, such materials shall promptly be returned to the Producing Party and deleted from any electronic media and storage. Such materials shall be added by the Producing Party to its log of privileged or protected documents. If only a portion of the material is considered to contain Privileged Information, and such Privileged Information can be protected by redaction, then a redacted copy of the document may be substituted for the unredacted version.

25. In the event of a dispute as to whether documents or electronically stored information are, or contain, Privileged Information, the disputed material shall be presented **with an application to file such documents or information** under seal to permit the Court to make a determination as to whether the material qualifies as Privileged Information.

**IT IS SO ORDERED.**

Dated: April 25, 2013

*Margaret A. Nagle*
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

-11-

# ATTACHMENT A

## AGREEMENT TO STIPULATED PROTECTIVE ORDER

I have reviewed the Protective Order and agree to maintain the confidentiality of all Confidential Information, as defined by the Protective Order, and to abide by all of the terms of the Protective Order.

Dated:                    Signature: _____

                          Printed Name: _____

                          On behalf of: _____

                          Address: _____

                                   _____